IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WAYCROSS DIVISION

ESTHER WILLIAMS, Individually and as
Administrator of the Estate of PHILLIP WILLIAMS,

CIVIL ACTION NO.:

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

## COMPLAINT FOR DAMAGES

COMES NOW, ESTHER WILLIAMS, Individually as surviving spouse and administrator of the Estate of Phillip Williams, Plaintiff in the above-styled action and files this Complaint against the Defendant, UNITED STATES OF AMERICA, and respectfully shows the Court the following:

## I. PARTIES, JURISDICTION AND VENUE

1. This is an action for medical professional negligence arising out of the medical care and treatment rendered by Defendant to decedent, PHILLIP WILLIAMS, at the Waycross V.A. Clinic located in Ware County, Georgia. Plaintiff is the surviving spouse and duly appointed administrator of the Estate of Phillip Williams.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b). Venue is proper pursuant to 28 U.S.C. § 1391 in that the events or omissions giving rise to this action occurred in this District.

1

3. At all times material hereto, Plaintiff and decedent veteran were residents of Waycross, Ware County, Georgia.

4. CLAY LEE, D.O., is a resident of Ware County or does substantial business in Ware County and is subject to the jurisdiction of this Court. Defendant may be served at 515 City Boulevard., Suite B, Waycross, GA 31501. At all times mentioned herein, CLAY LEE, D.O., was acting within the scope of his employment with Defendant, UNITED STATES OF AMERICA, as a physician.

5. At all times material Defendant, UNITED STATES OF AMERICA, owned and operated the medical clinic known as Waycross V.A. Clinic, a federally funded and operated healthcare provider organized pursuant to the laws of and constitution of the UNITED STATES OF AMERICA. Defendant may sue and be sued. The Defendant, UNITED STATES OF AMERICA, employs physicians for treatment of patients including, CLAY LEE, D.O. and is vicariously liable for their acts and omissions. Defendant, UNITED STATES OF AMERICA is subject to the jurisdiction of this Court.

6. Defendant, UNITED STATES OF AMERICA, has been timely notified pursuant to 28 U.S.C. section 2401 and 2675 and Defendant has failed to respond within the statutorily allotted time, and any extensions. A copy of the Federal Tort Claims Act notice is attached hereto as Exhibit A.

7. All other conditions precedent to the filing of this complaint have been performed or have occurred, including review by a physician. (See attached Exhibit B).

8. The following persons are potential beneficiaries of a recovery for the wrongful death of PHILLIP WILLIAMS, deceased. Their relationships to the decedent are as follows:

   a. ESTHER WILLIAMS, 801 Gilmore Street, Waycross, GA 31501, surviving spouse of decedent;

   b. JERRICHO WILLIAMS, 801 Gilmore Street, Waycross, GA 31501, son of decedent, D.O.B.: March 7, 2003, age 14.

9. Conditions precedent to the filing of this complaint have been performed or have occurred and Plaintiff has complied with O.C.G.A. 9-11-9.1 by virtue of the Affidavit of Dr. David Libert, attached hereto.

10. At all times pertinent to the allegations of this complaint, Defendant, UNITED STATES OF AMERICA, through Waycross V.A. Clinic through its agents and/or employees, in particular, physicians, nurses, and staff held itself out to the public as skilled in the healing arts and in providing general medical care and medical care pertaining to infection, skin conditions, endocrine system dysfunction including Diabetes Mellitus, medication management, hypertension and internal ailments, including ailments of the kidney and liver for the purpose of treatment to patients such as Decedent.

## II. GENERAL ALLEGATIONS

11. Plaintiff realleges and incorporates by reference paragraphs 1-10 as if fully stated herein.

3

12. Said Defendant mentioned herein is liable for the damages to Plaintiff.

13. This is an action for medical negligence. At all times pertinent to the allegations of this complaint, Defendant, UNITED STATES OF AMERICA, through its agents and/or employees, in particular, physicians, including Clay Lee, D.O., nurses, and staff held itself out to the public as skilled in the healing arts and in providing general medical care and medical care pertaining to infection, skin conditions, endocrine system dysfunction including Diabetes Mellitus, medication management, hypertension and internal ailments, including ailments of the kidney and liver for the purpose of treatment to patients such as PHILLIP WILLIAMS.

14. At all times pertinent to the allegations of this complaint, Defendant, UNITED STATES OF AMERICA, through its agents and/or employees, in particular, physicians, including CLAY LEE, M.D., nurses, and staff held itself out to the public as skilled in the healing arts and in providing general medical care and medical care pertaining to infection, cuts, lacerations, diabetes, general health, medication management internal ailments including ailments of the kidneys and liver and hypertension for the purpose of treatment to patients such as the Decedent, PHILLIP WILLIAMS.

## COUNT I

15. On or about July 2, 2014, Defendant, UNITED STATES OF AMERICA, undertook to treat Decedent, PHILLIP WILLIAMS, for a cat scratch, infection, swollen arm, fever, headache, and back pain. At the time Defendant, UNITED

4

STATES OF AMERICA, commenced treating PHILLIP WILLIAMS. PHILLIP WILLIAMS also suffered with ailments to PHILLIP WILLIAMS' head, endocrine system, back, feet, gastrointestinal system, heart, kidneys and liver.

16. Defendant, UNITED STATES OF AMERICA, had a continuing duty to properly treat PHILLIP WILLIAMS within the prevailing standard of care for physicians and to monitor any and all medications being taken by PHILLIP WILLIAMS to ensure that they did not have a deleterious effect on PHILLIP WILLIAMS' health, and to refer to PHILLIP WILLIAMS to other physicians or specialists or hospitals as appropriate.

17. Upon examining PHILLIP WILLIAMS, Defendant, UNITED STATES OF AMERICA, prescribed or allowed PHILLIP WILLIAMS to take multiple medications. At the time of prescribing or allowing or continuing PHILLIP WILLIAMS on said medications, Defendant, UNITED STATES OF AMERICA, either knew or should have known that PHILLIP WILLIAMS could not tolerate the volume and mixture of medications and further that due to PHILLIP WILLIAMS' other medical conditions, PHILLIP WILLIAMS could not and/or should not take said medication(s) and that the ingesting of said medication(s) would be toxic to PHILLIP WILLIAMS and severely affect PHILLIP WILLIAMS' other medical conditions.

18. A patient/physician relationship existed between PHILLIP WILLIAMS and Defendant, UNITED STATES OF AMERICA, by virtue of Defendant

undertaking to treat PHILLIP WILLIAMS and to be paid for Defendant's services.

19. As a result of Defendant, UNITED STATES OF AMERICA, allowing or prescribing medications for PHILLIP WILLIAMS, PHILLIP WILLIAMS took and received said medications into his body. The prescription or sufferance or allowance or direction to take said medications for PHILLIP WILLIAMS constituted a breach of the duty owed by Defendant, UNITED STATES OF AMERICA, to PHILLIP WILLIAMS and was a deviation from the standard of care ordinarily employed by competent, similarly qualified physicians. Said deviation was a breach of Defendant's duty to PHILLIP WILLIAMS in the following respects:

   a. In failing to properly follow PHILLIP WILLIAMS to determine the effect the medication(s) was having on him.

   b. In failing to discontinue or adjust the medication(s) in light of its effects on PHILLIP WILLIAMS.

   c. In failing to properly prescribe the correct quantity of medication for PHILLIP WILLIAMS, taking into account PHILLIP WILLIAMS' medical history.

   d. In prescribing excessive dosages of medication to PHILLIP WILLIAMS.

20. As a direct and proximate result of the negligence of Defendant, UNITED STATES OF AMERICA, as outlined herein, PHILLIP WILLIAMS, suffered bodily injury and resulting death on July 3, 2014.

21. As a further direct and proximate result of the negligence of Defendant, UNITED STATES OF AMERICA, the Plaintiff, ESTHER WILLIAMS, individually and as Administrator of the Estate of PHILLIP WILLIAMS, deceased, and for the benefit of the deceased's estate and survivors, as defined by the Georgia Wrongful Death Act, O.C.G.A. 51-4-1 et. seq., hereby makes a claim against Defendant, UNITED STATES OF AMERICA, for damages as provided under the Act, including, but not limited to the following:

    a. For the estate, conscious pain and suffering until the date of death, any medical or funeral and burial expenses that have become charges against the estate, or that were paid on behalf of the decedent.

    b. The full value of the life of decedent for the surviving spouse, ESTHER WILLIAMS, and son, Jericho Williams.

    c. Any and all other rights and causes of action for damages which enures to the benefit of the survivors under the Georgia Wrongful Death Act, including the value of the life of decedent, PHILLIP WILLIAMS, for his surviving spouse, ESTHER WILLIAMS.

22. As a further direct and proximate result of the negligence of the Defendant, UNITED STATES OF AMERICA, Plaintiff incurred medical expenses in excess of $10,000.00, funeral expenses in excess of $10,000.00, lost wages, prescription

costs and other expenses.

WHEREFORE, Plaintiff, ESTHER WILLIAMS, demands judgment for damages in an amount recoverable under the Georgia Wrongful Death Act including the value of the life of PHILLIP WILLIAMS and other laws regarding negligence which will adequately reflect the enormity of the Defendant wrong in causing the death of PHILLIP WILLIAMS, Decedent, and costs against Defendant, UNITED STATES OF AMERICA, and trial by jury on all issues so triable.

## COUNT II

23. Plaintiff realleges paragraphs 1 through 10 above as if fully stated herein.

24. On or about July 2, 2014, PHILLIP WILLIAMS was treated by Defendant, UNITED STATES OF AMERICA, for a cat scratch, arm swelling, elevated blood sugar, infection, headache, and hypertension.

25. Defendant, UNITED STATES OF AMERICA, had a continuing duty to properly treat PHILLIP WILLIAMS within the prevailing standard of care for physicians and to refer PHILLIP WILLIAMS to a hospital and instruct and admit PHILLIP WILLIAMS to a hospital where indicated.

26. A patient/physician relationship existed between PHILLIP WILLIAMS and Defendant, UNITED STATES OF AMERICA, by virtue of Defendant's undertaking to treat PHILLIP WILLIAMS and being paid for its services.

27. At the time of presentation to Defendant, PHILLIP WILLIAMS had swelling on his arm which resulted from a cat scratch, a recent blood sugar count of 560, discoloration, cat scratch fever, head pain, and red streaks which extended up his

8

arm past the elbow. This was accompanied by headache and elevated blood pressure.

28. Defendant's duty referred to in paragraph 23 above included a duty to advocate, refer and direct patients such as PHILLIP WILLIAMS to the correct specialists and facilities which are equipped to make advanced and more accurate diagnosis where Defendant are not equipped to provide such care and diagnosis. Defendant breached their duty and deviated from the standard of care in the following ways:

   a. Defendant knew or should have known that PHILLIP WILLIAMS was in dire need of intensive medical care and failed to provide it to PHILLIP WILLIAMS by failing to properly diagnose and treat PHILLIP WILLIAMS' condition.

   b. In failing to admit PHILLIP WILLIAMS to a hospital in light of PHILLIP WILLIAMS' rapidly worsening condition.

   c. In failing to properly diagnose and treat PHILLIP WILLIAMS in not taking into account patient's medical history which included ongoing

   infection, hypertension, morbid obesity and diabetes mellitus.

   d. In discharging PHILLIP WILLIAMS from their office with an advanced infection.

29. As a direct and proximate result of the negligence of Defendant, UNITED STATES OF AMERICA, as outlined herein, PHILLIP WILLIAMS, deceased, suffered bodily injury and resulting death.

30. As a further direct and proximate result of the negligence of Defendant, UNITED STATES OF AMERICA, the Plaintiff, ESTHER WILLIAMS, individually and as Administrator of the Estate of PHILLIP WILLIAMS, deceased, and for the benefit of the deceased's estate and survivors, as defined by the Georgia Wrongful Death Act, O.C.G.A. 51-4-1 et. seq., hereby makes a claim against Defendant, UNITED STATES OF AMERICA, for damages as provided under the Act, including, but not limited to the following:

   a. For the estate, conscious pain and suffering until the date of death, any medical or funeral and burial expenses that have become charges against the estate, or that were paid on behalf of the decedent.

   b. The full value of the life of decedent for the surviving spouse, ESTHER WILLIAMS, and Jericho Williams, son.

   c. Any and all other rights and causes of action for damages which inured to the benefit of the survivors under the Georgia Wrongful Death Act, including the value of the life of decedent, PHILLIP WILLIAMS, for his surviving spouse, ESTHER WILLIAMS.

31. As a further direct and proximate result of the negligence of the Defendant, UNITED STATES OF AMERICA, Plaintiff incurred medical expenses in excess of $10,000.00, funeral expenses in excess of $10,000.00, lost wages, prescription costs and other expenses.

WHEREFORE, Plaintiff, ESTHER WILLIAMS, demands judgment for damages in an amount recoverable under the Georgia Wrongful Death Act including the value of the life of

PHILLIP WILLIAMS and other laws regarding negligence which will adequately reflect the enormity of the Defendant wrong in causing the death of PHILLIP WILLIAMS, deceased, and costs against Defendant, UNITED STATES OF AMERICA, and trial by jury on all issues so triable.

Respectfully Submitted,

/S/Rebecca Cozart

---

REBECCA COZART, ESQUIRE
7 Old Mission Avenue
St. Augustine, FL 32084
(904)559-1188 Telephone
(904)559-1184 Facsimile
Georgia Bar Number 192766

11